```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

LEAH JOY WARD,

    Plaintiff,

vs.                                    No. 05-2205-B/P

SHELBY COUNTY, et al.,

    Defendants.

_____

ORDER GRANTING SHELBY COUNTY'S MOTION FOR SUMMARY JUDGMENT
_____

On March 14, 2005, Plaintiff Leah Ward filed a complaint under 42 U.S.C. § 1983 alleging that on August 25, 2004, she was raped by defendant Aundrey Peeples and became pregnant while under the custody of the Shelby County Sheriff's Department at the MMHI. She alleged that defendant Quentin (last name unknown) was a health care technician with authority over her custody who "violated [her] rights by his misconduct." Ward alleged that she told officers and sergeants what happened, was taken to the rape crisis center, and talked with Sex Crimes Investigator Lieutenant Gloria White.

On April 28, 2006, Defendant Shelby County filed its motion to dismiss or, in the alternative for summary judgment and memorandum in support of motion, along with a supporting affidavit and exhibits. On June 29, 2006, Plaintiff Ward responded to Defendant's motion.

Defendant relies on the affidavit of James Coleman, Director of the Shelby County Jail Division, an attested copy of the Shelby County Criminal Court Judgment entered November 4, 2005, sentencing Plaintiff to life imprisonment, and an attested copy of the Shelby County Criminal Court Order of August 25, 2004 directing the Sheriff's Department to transport Plaintiff to Memphis Mental Health Institution ("MMHI") for evaluation.  Therefore, the motion to dismiss must be treated as one for summary judgment.  See Fed. R. Civ. P. 12(b).

> Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion."  Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts

2

showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Id. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

This Court must determine whether the Defendant has established the absence of a genuine issue of material fact as to Plaintiff's claims. Shelby County contends that, pursuant to the order of the Shelby County Criminal Court, the Sheriff's Office had given custody and control of the Plaintiff to MMHI at the time of the rape. Defendant Shelby County points out that Plaintiff fails to allege that any Shelby County employee was present at the time of the alleged rape or that any Shelby County employee committed any constitutional wrong while she was at MMHI.

James Coleman, Director of the Shelby County Jail attests that upon receipt of the order directing an in-patient forensic examination of Plaintiff at the MMHI, Sheriff's Office personnel transported Plaintiff from the Jail East to MMHI on August 25, 2004. Coleman avers that the MMHI is not a part of Shelby County Government. Coleman states:

> The Sheriff's Office has policies and procedures that govern the transportation of inmates to the MMHI,

> pursuant to a court Order for forensic psychiatric evaluation. Sheriff's Office employees take the Court Order and the inmate to MMHI and remain until the inmate is admitted and MMHI security officers take charge of the inmate. At that point, Sheriff's Office personnel are no longer charged with the physical care and custody of the inmate. When the inmate's evaluation is completed, the Sheriff's Office will return the inmate to the Jail.

(Affidavit of Coleman, para. 3(M))  Plaintiff was returned to the Jail East on October 15, 2004.

Plaintiff responds to the motion for summary judgment with conclusory allegations that she "was ordered to [MMHI] while in the custody of Shelby County," that her rights "were violated while in the care of Shelby County," and that "Shelby County['s] contract with MMHI was neglectful [because] security had to have known of the knowledge of men prisoners and female prisoners mixed together." (Plaintiff's response to motion; pp. 1, 4)

Plaintiff has submitted no verified document or affidavit to rebut the affidavit of Director Coleman. Plaintiff has not produced any document demonstrating that she remained under the care and supervision of the Shelby County Sheriff's department during her evaluation at MMHI or that any relationship or circumstances existed between MMHI and Shelby County which required such supervision. Plaintiff's complaint and response are devoid of any allegation that a Shelby County employee committed any act of wrongdoing.

For the reasons discussed above, there is no genuine issue of material fact and defendant Shelby County is entitled to judgment

as a matter of law.  The motion for summary judgment filed by Defendant Shelby County is GRANTED.

IT IS SO ORDERED this 26th day of February, 2007.


                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE