```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

LEAH JOY WARD,

       Plaintiff,

vs.                                    No. 05-2205-B/P

SHELBY COUNTY, et al.,

       Defendants.

_____

```
                     ORDER OF DISMISSAL
      ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                            AND
                NOTICE OF APPELLATE FILING FEE
```
_____

On March 14, 2005, Plaintiff Leah Ward filed a complaint under 42 U.S.C. § 1983 alleging that on August 25, 2004, she was raped by defendant Aundrey Peeples and became pregnant while under the custody of the Shelby County Sheriff's Department at the MMHI. She alleged that defendant Quentin (last name unknown) was a health care technician with authority over her custody who "violated [her] rights by his misconduct." Ward alleged that she told officers and sergeants what happened, was taken to the rape crisis center, and talked with Sex Crimes Investigator Lieutenant Gloria White.

On April 28, 2006, Defendant Shelby County filed its motion to dismiss or, in the alternative for summary judgment and memorandum in support of motion, along with a supporting affidavit and exhibits. On June 29, 2006, Plaintiff Ward responded to Defendant's

motion.  On February 27, 2007, the Court granted Shelby County's motion for summary judgment based upon Plaintiff's failure to allege that a Shelby County employee committed any act of wrongdoing and failure to demonstrate that she remained under the care and supervision of the Shelby County Sheriff's department during her evaluation at MMHI or that any relationship or circumstances existed between MMHI and Shelby County which required such supervision. Plaintiff's complaint and response are devoid of any allegation

The Court has reviewed the record and determined that defendants Aundrey Peeples and Quentin (last name unknown) have not been served.  Plaintiff filed this complaint on March 14, 2005. Service was attempted twice on Aundrey Peeples and the documents returned on March 31, 2006 and April 26, 2006.  Although the summons against Quentin (last name unknown) was returned executed on June 9, 2006, the certified mail receipt is signed by T. Boyland, not a MMHI employee named Quentin.  Plaintiff has not supplied the Clerk with any additional information to assist the marshal with further attempts at service.  Rule 4(m) of the Federal Rules of Civil Procedure requires service to be made upon a defendant within 120 days after the Court directs that service issue.

Accordingly, Plaintiff's claims against Peeples and Quentin (last name unknown) are dismissed without prejudice due to Plaintiff's failure to obtain service within 120 days pursuant to Rule 4(m).

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis.  Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  Accordingly, with regard to the claims dismissed for lack of service, any appeal of those claims would be subject to immediate dismissal.  Accordingly, Plaintiff would not yet be able to present those issues in good faith on appeal, and thus any appeal of those claims would be frivolous.  For the reasons expressed above and for the reasons expressed in the order granting Shelby County's motion for summary judgment on February 26, 2006, there is no genuine issue of material fact that Plaintiff's claims fail to state a claim upon which relief can be granted.  As reasonable jurists could not differ regarding this conclusion, the Court concludes that an appeal of the dismissal of this case would also be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[1]  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  Therefore, the Plaintiff is instructed that if she wishes to take advantage of the installment procedures for paying the appellate filing fee, she must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 7th day of March, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]  The appellate filing fee is $455.  The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.